IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR<br><br>                          Plaintiff,<br><br>v.<br><br>TRANS UNION LLC<br><br>                          Defendants. | C.A. NO. 3:03-CV-00252 GLG |

**TRANS UNION LLC'S MEMORANDUM OF LAW IN
SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in support of its objection to the Order of this Court entered September 23, 2003 deeming Trans Union's responses to Plaintiff's requests for admissions admitted (attached hereto as Exhibit "A"), and states as follows:

**I.    INTRODUCTION**

On June 7, 2003, Plaintiff served Requests for Admissions upon Trans Union. Trans Union responded on August 21, 2003. The responses are attached hereto as Exhibit "B." Trans Union denied only Requests 1, 4, 5 and 9. As set forth below, these denials are clearly supported by the evidence. In addition, Request 9 relates to the central issue in this litigation, whether Trans Union intentionally withheld a report from Plaintiff:

> 9.    Defendant intentionally did not provide plaintiff with his consumer disclosure when he requested it in December, 2002.
> **RESPONSE: Denied.** *See* **Trans Union's Answer.**

Admission 1 provides that "plaintiff and her husband" [sic] were denied credit to acquire a car." Trans Union admitted Plaintiff was denied a car, but denied that his wife was denied a car loan. As set forth below, Trans Union's response to this admission is supported by the records which

*Plaintiff* subpoenaed from BCI, the lender who denied Plaintiff the automobile loan. Admissions 4 and 5 relate to taking Plaintiff's file "off line" (meaning that no consumer report for Plaintiff could be issued to a third party.) Trans Union never took Plaintiff's report off line; this is proven by the consumer report BCI produced in response to Plaintiff's subpoena. The fact that BCI produced a report from Trans Union conclusively demonstrates that Plaintiff's file was *not* off-line. Plaintiff never even alleged, in his complaint or elsewhere, that Trans Union took his file "off-line."

As set forth below, the Magistrate Judge's Order deeming these Requests admitted is a drastic remedy which would risk the equivalent of a finding against Trans Union in a lawsuit which Trans Union has vigorously defended and an issue repeatedly denied by Trans Union on other pleadings. Most important, the third party records demonstrate the factual accuracy of Trans Union's denials. The ruling is clearly erroneous and contrary to law.

These admissions should be withdrawn because it will serve the interests of justice, and Plaintiff cannot demonstrate and has never claimed prejudice in connection with the delay in Trans Union's denial of the Request. Accordingly, Trans Union's timely request to set aside this ruling should be sustained.

II.  ARGUMENT

    A.  **The Standard for Review of Magistrate Orders.**

Plaintiff moved to have his Requests deemed admitted, and on September 23, 2003, the Magistrate Judge entered an Order granting Plaintiff's Motion. Exhibit "A." As set forth in the Declaration of Bruce S. Luckman, Esq., attached hereto as Exhibit "C" (herein "Luckman Decl. ¶_"), this order was not received by counsel for Trans Union until Friday, November 7, 2003, when Plaintiff emailed a copy to him. *See* Luckman Decl. ¶3 and Exhibit "3" to Luckman Declaration.

Accordingly, Trans Union's objection to this order is timely in accordance with Fed.R.Civ.P. 72(a), which provides:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Trans Union's objection is timely because less than 10 days have expired since Trans Union was served with the order. In addition, Trans Union's objection should be sustained because the Magistrate Judge's Order is clearly erroneous and contrary to law, and should be set aside.

**B.    The Standard for Withdrawal of Admitted Matters.**

Requests for Admissions deemed admitted may be modified by the Court pursuant to Fed.R.Civ.P. 36(b), which provides as follows:

> (b) Effect of Admission.
> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, *the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits*. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding. (emphasis supplied.)

It is the party who obtained the admissions who must satisfy to the Court that the withdrawal of admissions would unfairly prejudice that party. <u>Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Tripodi</u>, 913 F. Supp. 290, 294 (S.D. NY 1996):

> [U]nder Rule 36(b), the court has discretion to excuse the defendant from its admissions. <u>Donovan v. Carls Drug Co.</u>, 703 F.2d 650, 652 (2d Cir. 1983); see also Fed. R. Civ. P. 36(b) ("The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defenses on the merits."). Therefore, the court has power to excuse the defendant from its admissions "when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." Id.; see also 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2257, at 543 (1994).

*See also* <u>Tangorre v. Mako's, Inc.</u>, 2002 U.S. Dist. LEXIS 2084 (S.D.N.Y. Feb. 7, 2002); <u>Mfr. Des Montres Jaguar S.A. v. Jaguar Cars, Ltd.</u>, 2001 U.S. Dist. LEXIS 18623 (S.D.N.Y. Nov. 13, 2001).

In the instant matter, the merits of the action will clearly be served by a withdrawal of the admissions. As set forth below, Trans Union denied four of nine requests for admissions and each denial is clearly supported by the records from a third party and Trans Union's Answer and other discovery responses. Plaintiff has not alleged, and cannot allege, he suffered any prejudice by the delay in the response. As such, the Magistrate Judge's failure to allow the responses was clearly erroneous and contrary to law.

    **B.**    **Trans Union's Denials Are Limited and Well-Founded.**

Trans Union denied requests 1, 4, 5, and 9. Exhibit "B." These denials are all supported by the evidence. Plaintiff noticed the deposition of BCI Financial Company, an automobile loan company, which took place on August 6, 2003 (purportedly after the requests were deemed admitted). Plaintiff also subpoenaed the BCI documents related to an application by Plaintiff and his wife for an automobile loan. The BCI deposition and documents revealed that on November 27, 2002, Trans Union furnished Plaintiff's consumer report and his wife's report to BCI. BCI denied

4

Plaintiff's application and did not consider his wife's report in the eligibility determination because Plaintiff was the primary applicant and his credit was deficient.

Trans Union's response to Plaintiff's Requests for Admission 1 denies that Plaintiff's wife (erroneously referred to as Plaintiff William's "husband") was also denied credit to "acquire a car." Trans Union's denial is based upon the unequivocal testimony of the BCI witness, the lender which made the eligibility determination. This denial was conclusively established by the testimony of the third party witness.

Plaintiff also claims that Trans Union improperly "took Plaintiff's report off line." See Requests for Admission 4 and 5. That allegation, made for the first time in the Requests for Admissions, is false. The BCI documents, including Plaintiff's Trans Union report furnished to BCI on November 27, 2002, proved the allegation false. It is impossible for a file to be "off line" and at the same time have a consumer report furnished to a third party. Accordingly, Trans Union's denial of the Requests should stand. If Trans Union's accurate denials are stricken, Plaintiff will effectively escape sworn third party testimony which **he sought** and which defeat his claim.

Plaintiff's Request for Admission 9 repeats his complaint allegation that Trans Union: "intentionally did not provide Plaintiff with his consumer disclosure when he requested it in December, 2002." Trans Union denied the very same allegations in its answer to Plaintiff's complaint. *See* Complaint ¶¶9, 10, and 13; Trans Union's Answer ¶¶9, 10 and 13. Accordingly, the delay in responding to the request for admissions has not prejudiced Plaintiff; he was aware from the start that Trans Union denied intentionally violating the FCRA. Nothing has changed.

Accordingly, justice would clearly be subserved by allowing the withdrawal of admissions 1, 4, 5 and 9. Plaintiff in his motion to deem requests for admissions admitted did not allege he would

5

suffer any prejudice as a result of the withdrawal of the requests for admissions. Clearly, no prejudice was or will be suffered were the Magistrate Judge's decision set aside.

Moreover, the Magistrate Judge's order does not state any reason for the draconian sanction that the requests for admissions be deemed admitted, even where no prejudice is claimed in Plaintiff's motion. It is unclear what standard the Magistrate Judge applied. Trans Union respectfully submits that the interests of justice would be best served if the denials are allowed.

### III. CONCLUSION

For all the above reasons and authorities, Trans Union respectfully requests that the Magistrate Judge's Order deeming Plaintiff's Requests for Admissions Admitted be set aside, and that Trans Union's denials of Requests for Admissions 1, 4, 5, and 9 allowed to stand.

Respectfully Submitted,

_____
BRUCE S. LUCKMAN (ct 10830)
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Local Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com
*Counsel for Defendant,*
*Trans Union LLC*

DATED:    November 12, 2003