UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

DEC 1 3 10 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

WILLIAM SPECTOR

v.                                          CASE NO. 3:03 CV 252 (GLG)

TRANS UNION LLC                             November 29, 2003

PLAINTIFF'S OPPOSITION TO OBJECTION TO ORDER

This action is brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. The parties agree that the case is simple and direct. Trans Union refused to provide plaintiff with a copy of his credit report as mandated by FCRA §1681j(b) or §1681g. Trans Union could not legally refuse to comply with the FCRA. Since the violation was intentional, plaintiff may recover punitive damages without regard to actual damages. §1681n.

Defendant's belated objection (Doc. No. 31) to the Magistrate Judge's Order should be overruled. First, the objection was untimely, in that D. Conn. Local Rules for Magistrate Judges 72.2(a) specify that an objection must be filed within ten days after service of the order, and, "for the purpose of this rule, service of the order of the Magistrate Judge . . . shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk." Thus, the objection is untimely.

Second, Trans Union does not, and cannot, deny that it was aware of the Orders entered on the docket in September. Its indifference to the Orders is apparent by its response of October 17 (copy attached): "Let's talk next week about getting a copy so we/I can comply." The undersigned provided a copy on Nov. 7 (Def. Ex. 3). Yet, defendant's indifference to the Order persists. To date, it has not provided the discovery, as ordered in September on the face of the docket, despite repeated reminders and requests.

Third, since it challenges a discovery order, defendant must show that the Order was "clearly erroneous or contrary to law." Rule 72.2(b). Defendant has made no effort to make such a showing.

Fourth, defendant is familiar with Fed. R. Civ. P. 36(a), and the consequences of not responding to admission requests served on June 7, 2003. The face of plaintiff's Motion to Compel filed July 24, 2003, reminded defendant of those consequences. Yet, it waited until November 13, 2003, to file its motion addressed to the Admissions. Based on the Planning Report (Doc. No. 9) discovery is to close November 30, 2003. (The only Scheduling Order in effect shows that discovery closed August 12, 2003). Thus, plaintiff relied on the admissions in not seeking or obtaining a deposition of the Trans Union operator who sent plaintiff a letter denying him a copy of his credit file.

Fifth, defendant makes factual representations as the basis for its denials. It has long since waived any factual arguments. For instance, the BCI deponent provided, post-deposition, documents now in Trans Union's possession showing that plaintiff's wife <u>was</u> denied credit. The bald denial of plaintiff's claim that Trans Union intentionally refused him a copy of his credit report does not create an issue of fact in the face of Trans Union's intentional letter refusing to provide him a copy.

Sixth, defendant also admitted all the facts at issue, or waived any challenge to them, by refusing to discuss the contents of the Planning Report and not disputing the contents, which include unchallenged admissions to all of the same requests. Doc. No. 9.

## CONCLUSION

The hallmark of this litigation has been defendant's noncompliance with and indifference to the federal discovery rules and the rules of this District. Relief from Admissions would prejudice the plaintiff and unfairly reward the noncomplying defendant. "District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002). Defendant's Objection should be overruled.

THE PLAINTIFF

BY *(signature)*
JOANNE S. FAULKNER ct04137
123 Avon St
New Haven, CT 06511-2422
(203) 772-0395

### Joanne Faulkner

**From:** "B. Luckman" <bluckman@mstkw.com>
**To:** "'Joanne Faulkner'" <j.faulkner@snet.net>
**Sent:** October 17, 2003 4:04 PM
**Subject:** RE: Wm Spector v TU

Nothing received and mo idea what was actually granted or denied. Let's talk next week about getting a copy so we/I can comply. Thanks. Have a good weekend.

Bruce S. Luckman
bluckman@mstkw.com
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
215.575.7622/fax 215.575.7688


-----Original Message-----
From: Joanne Faulkner [mailto:j.faulkner@snet.net]
Sent: Friday, October 17, 2003 4:59 PM
To: B. Luckman
Cc: T. Creech
Subject: Wm Spector v TU

According to the docket, my motion to compel discovery and for sanctions was granted, and your motion to compel depo and for sanctions was denied on 9/23.

I did not get a copy of the orders. Did you?

In any event, compliance is well overdue. Please provide. Thanks.

Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net




---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.528 / Virus Database: 324 - Release Date: 10/16/03

11/29/03

       This is to certify that the foregoing was mailed on November 29, 2003, postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

                                                                       _/s/ Joanne S. Faulkner_
                                                                         Joanne S. Faulkner