IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR<br><br>                      Plaintiff,<br><br>v.<br><br>TRANS UNION LLC<br><br>                      Defendants. | C.A. NO. 3:03-CV-00252 GLG |

**TRANS UNION LLC'S REPLY TO PLAINTIFF'S OPPOSITION
TO OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in Reply to Plaintiff's Opposition to Trans Union's Objection to Magistrate Judge's Order:

Trans Union's Memorandum of Law in Support of Objection to Magistrate Judge's Order demonstrates that the Order was clearly erroneous and contrary to the existing and known facts in the case. Trans Union also asserted that plaintiff's motion to compel failed to suggest or allege any harm or prejudice connected to the delay in the responses to the Request for Admissions. Plaintiff's instant Reply, for the first time, seeks to construct prejudice, but fails to do so. Finally, plaintiff erroneously asserts that his wife was denied credit. This assertion is not only irrelevant to plaintiff's claim, but contrary to the deposition **his** counsel conducted.

**Plaintiff Suffered No Prejudice**

Trans Union's delay in responding to plaintiff's request for admission did not prejudice plaintiff in any way. As early as Trans Union's Answer to the Complaint, plaintiff was on notice that his claim that his report was "off-line" was flatly denied. *See* Complaint ¶¶9, 10, and 13; Trans Union's Answer ¶¶9, 10 and 13. Plaintiff's claim that he relied upon the alleged

"admission" instead of taking a deposition is disingenuous. This is so because his counsel did not know whether the admissions were deemed admitted until November 7. Trans Union had denied the admission and served responses to discovery which also denied any negligent or willful disclosure violation. Trans Union's Answer to Plaintiff's Interrogatories, served in August 2003, expressly confirmed the denial:

> 6. State all facts which support each of your affirmative defenses.
>
> **RESPONSE: Trans Union did not willfully fail to disclose Plaintiff's file. Trans Union did not negligently fail to disclose Plaintiff's file. The fact that Plaintiff did not receive a consumer file disclosure in December 2002 was in no way related to the suit filed against Trans Union by Plaintiff's wife. Plaintiff suffered no harm due to his non-receipt of a Trans Union consumer file disclosure in December 2002.**

In the face of the foregoing Interrogatory Answer, Trans Union's Answer, and the original (albeit late) denial of the Requests for Admission, plaintiff's late claim of reliance is misplaced. Further, neither party knew whether the "endorsement" disposed of anything regarding the admissions as opposed to the other discovery disputes. As such, plaintiff could not have "relied on the admission" (which was actually a denial) to overcome the existing denials and answers to other discovery and the complaint until November 7, just a few weeks before the close of discovery. (Further, in the last approximately eighteen months plaintiff's counsel has filed no fewer than seven (7) claims in this Court against Trans Union and she has not noticed a single deposition of Trans Union in any case.)

Finally, plaintiff's assertion that his **wife** (not a party to this action, but a plaintiff in two other actions against Trans Union), was denied credit is false. Plaintiff did take the deposition of BCI, an automobile lender in Connecticut, in this case and the wife's claim (Rachel Spector v.

Trans Union, 3:03 cv 251(MLK). The President of BCI, Timothy W. Rourke testified unequivocally that:

> When we made the credit decision and when we make a credit decision on a loan with two borrowers, we first look at the primary borrower [William}. We only go to the second borrower if we feel it will help the situation, help the loan, help us make the loan. In this case every indication is we didn't get past William in the credit decision. **We did not use Rachel Spector in the process, even of making the decision.** Even if you go back to [plaintiff's exhibit 3 – the letter sent to Rachel], you'll notice that we don't list the reasons for the decline on that exhibit. Instead, we refer it back to William as the reason for the decline. (See Exhibit "A" hereto, August 6, 2003 deposition of Rourke, pp. 23-24)(emphasis supplied)
>
> Q.   That form of letter [exhibit 3] means that you did not consider Rachel Spector's credit report?
>
> A.   That's correct. We did not get that far in the process. Id. at 24.
>
> A.   Again, I need to reiterate, we did not use any of this [Rachel Spector] information in our credit decision. Id. at 28.

Thus, plaintiff's assertion regarding his wife's participation in the BCI credit transaction is not only irrelevant, it is erroneous. Finally, plaintiff's reference to "Trans Union's intentional letter refusing to provide him a copy [of his report]" is untrue and without support in the record or discovery production. (See Plaintiff's unpaginated Opposition, p. 2)[1]

---

[1] Plaintiff's assertion that Trans Union did not participate in the planning report is also untrue. On May 22, 2003, before the report was filed, undersigned counsel for Trans Union informed plaintiff that he did not have a copy of the report in this case. He suggested that plaintiff's counsel conform a report to one recently completed by the parties in another FCRA case plaintiff's counsel filed against Trans Union in this court. That was the last word on the subject and a unilateral report was filed on May 28, 2003. (See Exhibit "B")

### III.  CONCLUSION

Trans Union respectfully requests that the Magistrate Judge's Order deeming Plaintiff's Requests for Admissions Admitted be set aside, and that Trans Union's denials of Requests for Admissions 1, 4, 5, and 9 allowed to stand.

Respectfully Submitted,

_____
BRUCE S. LUCKMAN (ct 10830)
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Local Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com
*Counsel for Defendant,*
*Trans Union LLC*

DATED:  December 12, 2003