United States District Court
District of Connecticut
FILED AT            NEW HAVEN

Kevin F. Rowe    Clerk

By _____
            Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR | |
|                      Plaintiff, | C.A. NO. 3:03-CV-00252 GLG |
|      v. | |
| | Dated: January 29, 2004 |
| TRANS UNION LLC | |
|                    Defendant. | |

## TRANS UNION LLC'S LOCAL RULE 9(C)1 STATEMENT

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, pursuant to Local Rule 9(C)1, provides the following concise statement of each material fact as to which Trans Union contends there is no genuine issue to be tried:

1.    Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA")(Complaint ¶5; Declaration of Robert Motlasz, ¶2, attached to Trans Union's brief as Exhibit "A" (herein "Motlasz Decl ¶_").

2.    Plaintiff and his wife requested copies of their Trans Union consumer files and Trans Union furnished Plaintiff's wife a copy of her file pursuant to her request. Complaint ¶¶7 and 8.

3.    Plaintiff was not provided a copy of his file because of an error in Trans Union's automated system. Motlasz Decl ¶6.

4.    Trans Union does not have any policies which restrict access to files of family members of persons who file actions against Trans Union. Motlasz Decl ¶5 and See Disclosure Manual, attached to Trans Union's Brief as Exhibit "D". Plaintiff's file was not withheld because of any Trans Union policy or practice. Ibid.

5.    Trans Union furnished BCI Financial copies of plaintiff's report and his wife's report in connection with their application for credit.   See BCI Deposition transcript and Exhibits, Exhibit "B" to Trans Union's Brief.   The reports were furnished at the time plaintiff claims the reports were "off-line."   See Complaint, ¶6 through 10.

6.    Trans Union furnished plaintiff with a copy of his report on or about February 14, 2003.  Motlasz Decl ¶7.

7.    Plaintiff has not disputed any information contained in his Trans Union report since approximately December 2001.  Motlasz Decl ¶7

8.    Plaintiff did not suffer any actual harm as a result of the delay in receiving his file disclosure (credit report).  See Plaintiff's Answers to Trans Union's Interrogatories, Exhibit "C".

9.    Trans Union did not willfully violate the FCRA or act with conscious disregard or with deliberate and purposeful intent to violate plaintiff's FCRA rights.  See Motlasz Declaration and Plaintiff's Discovery Responses.

Respectfully Submitted,

BRUCE S. LUCKMAN (ct 10830)
TIMOTHY P. CREECH (*PHV*) ct 24399
SATZBERG, TRICHON,
  KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Local Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com
Counsel for Defendant, Trans Union LLC

2

Spector's Answers to Trans Union's Interrogatories demonstrate that he suffered no cognizable FCRA "actual" damages: plaintiff's employment was not impaired (No.12)(See Exhibit C); he did not seek medical treatment of any sort (No. 15); and he has "No documents" in connection with any alleged denial of credit or other alleged harm, including alleged "out of pocket expense for postage." No.16. Importantly, Spector does not claim that his report contained inaccurate information which was withheld from him, but shared third parties in connection with an adverse eligibility determination. On the contrary, he has not conveyed a dispute to Trans Union regarding his report. Therefore, even if his report went to a third party, such as BCI, plaintiff cannot and has not established he suffered emotional distress because an inaccurate consumer report was furnished to a third party. (See Casella v. Equifax Credit Information Systems, 56 F.3d 469, 474-6 (2nd Cir. 1995) cert denied 116 S.Ct. 1452, 134 L.Ed.2d 571 (1996). As such, plaintiff's cause of action for FCRA "actual" damages fails.

With respect to plaintiff's claim that Trans Union maintains the alleged restrictive disclosure policy, the only **evidence** of record is the Motlasz Declaration and the Trans Union Disclosure Manual, which confirm there is no such policy. (Exhibits A and D) Therefore, as set forth more fully below, Spector has not met his burden to establish that Trans Union violated the FCRA with "conscious disregard" or "deliberate and purposeful" actions necessary to make out a claim for willful noncompliance and punitive damages under the FCRA. Casella, supra, 56 F.3d at 476 (citations omitted). The absence of willfulness is further demonstrated by Trans Union's prompt action to immediately ameliorate the situation and send a disclosure to Spector on February 14, 2003, just days after notice of the lawsuit. (See Motlasz Dec.¶7) Thus, Spector is not entitled to statutory or punitive damages under FCRA §1681n.

5

Spector will, no doubt, contend that he is entitled to statutory damages[2] because Trans Union was deemed to have admitted his Requests for Admission, No. 4, 5 and 9, which state:

4.  Defendant took plaintiff's credit report off line in or after May, 2002.

5.  Defendant took plaintiff's credit report off line in or after May, 2002, because plaintiff's wife had sued defendant.

9.  Defendant intentionally did not provide plaintiff with his consumer disclosure when he requested it in December, 2002.

However, there is no dispute that these "admissions" are directly inconsistent with plaintiff's own averments that Trans Union reports **were** furnished to BCI and plaintiff's wife. Also, the Trans Union Disclosure Manual and Motlasz's Declaration confirm the absence of the alleged policy.

Because there is no dispute that Spector's file was **not** "off-line," presenting the case on summary judgment or at trial as if it were, will not subserve the presentation of the merits of the action or the interests of justice. On the contrary, the "admissions" are irreconcilable with the other record evidence and Spector's allegations and can only serve to confuse the presentation of the merits by both sides. Moreover, the "admissions" themselves do not satisfy Spector's burden on statutory, much less punitive damages. (See discussion of Casella and Hauser, *infra*)

As demonstrated herein, there is no genuine issue of material fact, and Trans Union is entitled to summary judgment as a matter of law with respect to all of Plaintiff's claims.

---

[2]   FCRA §1681n(a)(1)(A) states, in pertinent part:
In general: Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00....

6

## II.    ARGUMENT

### A.    The Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper:

> If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the United States Supreme Court defined the standard for summary judgment set forth in Rule 56(c):

> ...the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. 106 S. Ct. at 2552-53.

As cogently explained in Celotex Corp., the absence of an issue of material fact can be demonstrated by an absence of evidence on such issue:

> [T]he burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case. 106 S. Ct. at 2554.

As demonstrated below, there is no genuine issue of material fact. Plaintiff cannot establish that Trans Union willfully violated §1681g(a), in order to recover statutory or punitive damages. Further, there is no evidence that, if the violation was negligent, it caused Plaintiff actual damages. This is so because there were no inaccuracies in the report which were in turn furnished to a third party. Accordingly, Trans Union is entitled to summary judgment on all of Plaintiff's claims.

7

**B.      Plaintiff's Cannot Establish An §1681g(a) Claim**

The FCRA is not a strict liability statute. <u>Cahlin v. General Motors Acceptance Corp.</u>, 936 F.2d 1151, 1160-1161 (11th Cir. 1991).  No statutory damages are allowed for **negligent** violations of the FCRA, and attorneys fees under §1681o(a)(2) are only allowable if damages are recovered.  *See* <u>Crabill v. Trans Union, LLC</u>, 259 F.3d 662, 664 (7th Cir. 2002); <u>Nagle v. Experian Information Solutions, Inc.</u>, 297 F.3d 1305 (11th Cir. 2002). Here, plaintiff has not and cannot prove actual damages because he has failed to (and cannot) show that the failure to disclose harmed him.  As set forth in <u>Hauser v. Equifax, Inc.</u>, 602 F.2d 811, 817 (8th Cir. 1979), a failure to disclose case:

> However, [even if there is negligence,] there is no evidence of damage to Hauser as a result of the incomplete disclosure. The purpose of the Act's disclosure requirement is to provide the consumer with an opportunity to dispute the accuracy of information in his file. The information in the undisclosed Continuance of Disability Report was accurate and had previously been provided to Physicians, the user of the partially inaccurate Income Inspection Report. Therefore, the incomplete disclosure did not damage Hauser in any respect.

Spector has likewise failed to show that he would have even disputed any information if disclosure had been timely made.  Thus, the accuracy of the Trans Union report effectively bars plaintiff from complaining that the failure to disclose harmed him.

Punitive damages (or statutory damages for willful non-compliance) are only recoverable where the consumer can show a willful violation or conscious disregard for the consumer's FCRA rights.  <u>Casella</u>, and <u>Hauser</u>, *supra*.

In <u>Casella</u>, *supra*, the Court of Appeals, citing long established FCRA punitive damages principles, affirmed  the trial court's grant of summary judgment stating as follows:

> [Defendants'] course of conduct does not support the kind of 'conscious disregard' or 'deliberate and purposeful' actions

8

necessary to make out a claim for willful noncompliance under the FCRA. 56 F.3d at 476 (citations omitted).

Virtually every court considering the standard for FCRA punitive damages has required a showing of a knowing or reckless act committed in conscious disregard of the particular consumer's rights, such as a misrepresentation or concealment of facts. Here, Plaintiff cannot establish such conduct by Trans Union. Certainly, the minimal requests for admission do not satisfy the burden of proof described in <u>Casella</u> to satisfy a conscious disregard for Spector's FCRA rights or a "deliberate and purposeful" failure to disclose.

A review of <u>Hauser</u>, *supra*, is instructive. There, plaintiff claimed that defendant Equifax maintained two consumer reports on plaintiff and only disclosed one in response to his request. The court's grant of a directed verdict against plaintiff was affirmed by the court of appeals because plaintiff did not present sufficient evidence of a *willful* failure to disclose the second report:

> The only evidence in the record as to why the existence of the Continuance of Disability Report was not disclosed to Hauser is the testimony by Equifax's claims manager, Conrad Larsen, that the two reports were stored in separate files. There is no evidence from which it could be reasonably inferred that, at the time of Hauser's request for disclosure, Larsen knew the Continuance of Disability Report had been made.
>
> We hold there was insufficient evidence to support a finding of willful noncompliance with the Act's disclosure requirement, but that a permissible inference of negligence may be drawn.

Instantly, the record demonstrates that, because of an error in an automated system, the disclosure was not made. Motlasz Dec. ¶6. That error was promptly rectified when brought to Trans Union's attention by this lawsuit and Spector received his report in February 2003. Id. at ¶7.

In <u>Stevenson v. TRW, Inc.</u>, 987 F.2d 288, 294 (5th Cir. 1993), the court of appeals explained that:

> "Only defendants who engaged in 'willful misrepresentations or concealment' have committed a willful violation and are subject to punitive damages under §1681n."

In <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 970 (3rd Cir. 1996), the Court affirmed the trial court's dismissal of plaintiff's punitive damages claim on summary judgment stating:

> to show willful noncompliance with the FCRA, [a consumer] must show that defendants knowingly and intentionally committed an act in conscious disregard for the rights of others.

Spector cannot and has not met his burden of proof in connection with his willfulness claim. Accordingly, Spector is not entitled to punitive or statutory damages and Trans Union is entitled to judgment as a matter of law.

### C.    Plaintiff's Claim Related To The Disclosure Of His Report To Trans Union's Counsel Lacks Merit

Spector's remaining claim, that Trans Union violated the FCRA by disclosing his report to Trans Union's litigation counsel, lacks merit. The claim is without statutory or legal authority. Counsel routinely access otherwise confidential records in order to defend clients or for compliance reasons. A review of medical, financial and academic records is often necessary in order to defend an entity against an action. The review by counsel of Spector's report was not public and the information was not made part of any record. The review was necessary because Spector made a joint loan application with his wife, and his wife made the transaction the subject of a lawsuit. She erroneously claimed Trans Union inaccurately reported to BCI that she had filed for bankruptcy. The review of the reports furnished as part of the transaction was necessary to defend Trans Union against erroneous factual averments regarding the transaction. Further, a

10

review of the reports was necessary to review whether any inaccuracies did exist in the relevant consumer reports. Trans Union was entitled to determine whether Spector's report contained the bankruptcy, not his wife's report, which was the case. Accordingly, Trans Union is entitled to judgment as a matter of law on Spector's claim respecting the disclosure to counsel.

## III.    CONCLUSION

For all the above reasons and authorities, Defendant Trans Union respectfully moves this Court to enter judgment in its favor, and to dismiss Plaintiff's claims with prejudice.

Respectfully Submitted,

BRUCE S. LUCKMAN (ct 10830)
TIMOTHY P. CREECH (*PHV*)ct24399
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email:  bluckman@mstkw.com
             tcreech@mstkw.com

*Local Counsel:*

Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com

*Counsel for Defendant,*
*Trans Union LLC*

11