UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                  CASE NO. 3:03CV 252 (GLG)

TRANS UNION LLC                                  March 8, 2004

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE AFFIDAVIT

Plaintiff moves to strike the Affidavit of Robert Motlasz, as inadmissible.

First, Mr. Motlasz's affidavit encompasses material about which he has no personal knowledge. He is not the operator who affirmatively chose and sent the letter giving false reasons for not sending plaintiff his consumer file disclosure. That operator appears to be Erin Feeney, from defendant's appended disclosures. Second, he makes the implausible claim that there was a computer freeze in December 2001, but does not purport to be a computer expert and does not provide any record or documentation of an event so devastating for an entity which relies heavily on computers in its efforts to gather credit information and provide it to third parties. Again, Erin Feeney would have first hand knowledge of such an untoward event, as well as a technical support person.

Second, Mr. Motlasz was not identified as a person likely to have admissible evidence. See Initial Disclosures, attached. Defendant may not belatedly rely on an undisclosed witness. Fed. R. Civ. P. 37(c)(1).

Third, Mr. Motlasz seriously violated the Fair Credit Reporting Act by unnecessarily disclosing plaintiff's entire credit file on the public record herein. 15 U.S.C. § §1681b (disclosure permitted for certain purposes "and no other"). For such a serious and obviously intentional violation, his affidavit and Exhibit 2 should be literally

stricken (erased from the public record entirely). The unprincipled violation of plaintiff's private and confidential credit information should not go unsanctioned. See also CM/ECF guidelines, appended, which warn against filing documents which contain individual financial information.

In these circumstances, the Court can invoke Rule 56(g) or its inherent power, to rectify matters.

Contrary to Rule 56(e), the affidavit does not provide any factual support opposing plaintiff's undisputed claim that defense counsel (and others) impermissibly accessed plaintiff's private and confidential credit file. Defense counsel's personal knowledge of and participation in the violations herein raises disqualification concerns under D. Conn. Local Civ. Rule 83.13. J.P. Foley & Co. v. Vanderbilt, 523 F. 2d 1357 (2d Cir. 1975).

## CONCLUSION

Plaintiff's Motion to Strike should be granted.

                                  THE PLAINTIFF

                                BY___/s/ Joanne S. Faulkner____
                                JOANNE S. FAULKNER ct04137
                                123 Avon Street
                                New Haven, CT 065l1
                                (203) 772-0395

This is to certify that the foregoing and attached was mailed on March 6, 2004, postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

                                __/s/ Joanne S. Faulkner___
                                   Joanne S. Faulkner