UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                                         CASE NO. 3:03CV 252 (GLG)

TRANS UNION LLC                                                 March 8, 2004

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**

  Defendant's Statement includes no factual or evidentiary material as to its counsel's impermissible access to plaintiff's credit files before and during this litigation. Without defense counsel's testimony by sworn statement, summary judgment cannot be granted to defendant on the allegations of impermissible access.[1] Assertions in legal memoranda are not evidence.  See Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980);  British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978), cited with approval in Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994). Plaintiff's Affidavit as to those violations is appended.

  1. Admitted

  2. Admitted

  3. Denied. Defendant's records show an intentional act by a computer operator to order the specific letter sent to plaintiff in violation of plaintiff's rights. The records do not show any error in defendant's automated system; a conclusory and implausible assertion by a non-technician that there was an uncommon "computer freeze" is not admissible evidence. Defendant's Records attached to plaintiff's affidavit.

---

[1] Defense counsel's knowing participation in the violations (nondisclosure to plaintiff; impermissible access to, and impermissible disclosure of, plaintiff's credit file) call for his disqualification for conflict of interest with his client.

4. Denied. Defendant's records show that special attention was paid to plaintiff's file at all times including well before this suit: marking his file with attorney representation, freezing it, and making it available to his cousin even though plaintiff had filed no lawsuit. Defendant's Records attached to plaintiff's affidavit.

5. Admitted, but immaterial to any claim or defense other than that the BCI credit denial triggered defendant's mandatory duty to sent plaintiff a copy of his consumer file.

6. Denied. Plaintiff's affidavit.

7. Denied. Plaintiff's Affidavit, including the copy of his attorney's letter to Trans Union's counsel pursuant to which should Trans Union should have investigated but did not.

8. Denied. See plaintiff's Answers to Trans Union's Interrogatories, Ex. C to Trans Union's Motion papers.

9. Denied. Plaintiff's Affidavit, and the record herein show refusal to send him a consumer disclosure, even when defendant's counsel was notified that he still had not received it in July; repeated impermissible disclosure of plaintiff's credit file to Mr. Luckman before and after this suit was filed and he became defense counsel; Trans Union and its counsel's deliberately putting plaintiff's private, confidential, and erroneous credit file on this record even though there was no possible purpose for so doing;  Trans Union's failure to investigate when notified by plaintiff's counsel of errors in plaintiff's credit file. Plaintiff's affidavit.

ISSUES TO BE TRIED:

The willful nature of defendant's and defense counsel's multiple violations of the FCRA; damages.

                                       THE PLAINTIFF


                              BY____/s/ Joanne S. Faulkner___
                            JOANNE S. FAULKNER ct04137
                                123 Avon Street
                                New Haven, CT 06511-2422
                                (203) 772-0395
                                j.faulkner@snet.net


     This is to certify that the foregoing was mailed on March 6, 2004, postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

                                ___/s/ Joanne S. Faulkner____
                                Joanne S. Faulkner

                                    THE PLAINTIFF

                                BY____/s/ Joanne S. Faulkner__  
                                JOANNE S. FAULKNER ct04137  
                                123 Avon Street  
                                New Haven, CT 06511-2422  
                                (203) 772-0395  
                                              j.faulkner@snet.net

This is to certify that the foregoing was mailed on March 6, 2004, postage prepaid, to:

Bruce Luckman  
Satzberg, Trichon, Kogan & Wertheimer, P.C.  
1818 Market St  30th floor  
Philadelphia PA 19103-3699

                                             ___/s/ Joanne S. Faulkner___  
                                             Joanne S. Faulkner