UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                                    CASE NO. 3:03CV 252 (GLG)

TRANS UNION LLC                                              March 8, 2004

### AFFIDAVIT IN OPPOSITION TO SUMMARY JUDGMENT

William Spector, pursuant to 28 U.S.C. §1746, affirms as follows:

1. I am the plaintiff in this action.

2. Bruce Luckman, counsel for Trans Union, is my first cousin. His father (my uncle) and I are close as we live in the same town within a few miles of each other. Our father's businesses were side by side on the same street. Our families, and of course, Bruce and I, saw a great deal of each other. I lost my father at a young age and often relied on his father as a substitute. Similarly, I was a confidant to his father during my aunt's illness, and other family tragedies, and I remain close to his father. Bruce's father shared many life events with me, including teaching me how to drive. His late wife, my favorite aunt, was my father's sister whom I loved dearly, and whom I saw and talked to on a regular basis. Bruce and I use to play together as children, grew up in the same school system, went to the same synagogue, and shared many happy and sad times together. We have always been on good terms with each other, and a deep friendship in the presence of the blood relation has always been present. We attended each other's weddings. I have kept in touch with Bruce (who still calls me Billy) all these years despite some long gaps due to our own individual family

needs, demands, and the inevitable passing of time. However, we did visit Bruce in Philadelphia during one of our summer vacations in the early 90's, and before that visit, we had seen Bruce at many family events and when he would come to town. Since 1990, we have enjoyed his company at many joyous family events as well as tragedies.

3. I told Bruce, on June 2, 2002, that I had filed bankruptcy in 2001. There was no possible excuse for him to access my credit file in January, 2003, to ascertain whether my report included a bankruptcy. When he did look at my report, as an experienced Trans Union defense counsel, he could not help but know that my report contained inaccuracies, yet he did nothing to correct them.

4. I did not get any credit disclosure from Trans Union when I asked for it in December 2002. I did not get any credit disclosure from Trans Union in February 2003 either.

5. My lawyer notified Bruce that I had not received any report and that the report he produced was inaccurate, by letter dated July 15, 2003, a copy of which is appended hereto. Still, Trans Union did nothing to correct my report or even provide me with my report.

6. I recently disputed two items which were not mine on the Trans Union report.

7. I believe Trans Union, and Bruce, have been targeting my credit report, and reviewing it, without my knowledge or consent and with no possible permissible purpose. For instance, the History Search Summaries provided in discovery (excerpts appended) show that my files were locked because of "priority /

escalated complaint" well before I brought this suit. They also show internal disclosures of my file in February, March and August 2003, which must have been given to Bruce.

8. I am offended that Trans Union continues its violation of my privacy and confidentiality rights by putting my February 2003 report on the public record. I am outraged especially because I have not seen it, and because it contains errors pointed out to Bruce by my lawyer.

9. I also append documents showing that there is special handling of files like mine, and showing an absence of documentation of the existence of the NEW201-A (A=attorney?) letter sent to me instead of sending me my credit disclosure.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March   2004

                                               _/s/William Spector___
                                               William Spector