IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC<br><br>　　　　　　　　Defendant. | C.A. NO. 3:03-CV-00252 GLG<br><br><br>Dated:  March 19, 2004 |

**TRANS UNION LLC'S MOTION TO SUPPLEMENT**
**MOTION FOR SUMMARY JUDGMENT**

　　　　Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, moves to supplement its motion for summary judgment, and states as follows:

　　　　1.　　On January 30, 2004, Trans Union filed its motion for summary judgment. Plaintiff filed his Opposition thereafter, to which Trans Union filed a Reply.

　　　　2.　　Plaintiff's Affidavit in Opposition to Trans Union's Motion contained a new claim that his report contained inaccuracies which he "recently" disputed. (See Spector Affidavit ¶6).  Plaintiff did not provide the date of the dispute nor the account(s) disputed.  The letter was not located before the filing of Trans Union's Reply Brief.

　　　　3.　　The allegation of an inaccuracy was new and well outside of the allegations contained in plaintiff's complaint.  No motion to amend has been filed regarding any new claims. As such, the allegations ought to be disregarded.

　　　　4.　　However, counsel for Trans Union has now obtained a copy of the dispute which, in part, denies plaintiff ever opened or had a First USA Bank account ending in "7922."  (See Exhibit "1").  As more fully set forth in the attached memorandum of law, that exact account

was included in plaintiff's Chapter VII Bankruptcy filing and discharged. (See Plaintiff's Schedule F, Exhibit "2" hereto)

5. Accordingly, plaintiff's new claims are not only outside of the complaint, but demonstrably false.

6. If the Court allows Trans Union to present the additional arguments in support of summary judgment, Plaintiff will not be unfairly prejudiced; he interjected the inaccuracy issue into the case and made the erroneous dispute. If Trans Union is precluded from presenting the attachments which reveal the new "inaccuracy" assertions as false, Trans Union would be prevented from thoroughly challenging the new contentions and unfairly prejudiced. As such, in the interests of justice, Trans Union's motion to supplement should be granted.

WHEREFORE, Defendant Trans Union LLC respectfully moves this Court for leave to Supplement its Motion for Summary Judgment.

Respectfully Submitted,

_____
BRUCE S. LUCKMAN (ct 10830)
TIMOTHY P. CREECH (*PHV*)ct24399
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Of Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com

*Counsel for Defendant,*
*Trans Union LLC*