## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

Plaintiff,

v.

TRANS UNION LLC

Defendant.

C.A. NO. 3:03-CV-00252 GLG

Dated: March 19, 2004

### TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S
### MOTION TO STRIKE DECLARATION OF ROBERT MOTLASZ

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in Opposition to Plaintiff's Motion to Strike Declaration of Robert Motlasz:

Plaintiff's motion to strike is not well founded because it relies, in large measure, upon his attorney's "opinion" of what the declarant knows or does not know and that counsel believes a better or more plausible witness might exist. (See page one of plaintiff's Memorandum) Because the Motion is not supported with competent (or contrary evidence), the objection should be overruled. Moreover, plaintiff's characterization of the content of Mr. Motlasz''s Declaration is inaccurate and misleading. The relevant paragraphs are as follows:

> 1. I am Team Leader (Supervisor) of Trans Union LLC ("Trans Union"), consumer relations, in Crum Lynne, PA. I have been employed with Trans Union for over ten (10) years. I am over the age of eighteen and I am duly authorized to make this declaration on Trans Union's behalf.
>
> 2. Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA").
>
> 3. As Team Leader at Trans Union consumer relations center in Crum Lynne, I oversee Priority Processing Department at Trans Union. Priority Processing is responsible for, among other things, the handling of §1681i consumer disputes and requests for §1681g disclosures of consumer files (credit reports) from attorneys. I am familiar with the above-captioned action and Trans Union's

1

business records which show the history of William Spector's credit file and communications between Spector and Trans Union.

4.     I am aware that Spector claims Trans Union failed to send him a disclosure in response to his request in December 2002 because, he claims, Trans Union's policy is to take consumers and their spouses "off line" in the event of lawsuit is filed.

5.     Trans Union has absolutely no policy or procedure by which files are "taken off line" or otherwise withheld from consumers or Trans Union customers (lenders, etc) because lawsuits are filed. **In particular, Spector's file has never been "off line" or unavailable to Trans Union customers or Spector himself because of any such alleged policy.** (emphasis supplied)

The contents of the Declaration are all entirely within Mr. Motlasz's knowledge as a ten (10) year employee and current supervisor in Trans Union's Consumer Relations Division. Plaintiff does not and cannot suggest that Mr. Motlasz does not know the content and meaning of Trans Union's records and data or the procedures which Trans Union employs respecting disclosures and disputes; these are areas of Mr. Motlasz's responsibility. (See Dec. ¶¶ 1, 3 and 5) Also, Mr. Motlasz stated that he is "familiar with the above-captioned action and Trans Union's business records which show the history of William Spector's credit file and communications between Spector and Trans Union." *Id.* at ¶3. Importantly, plaintiff expressly acknowledges that Mr. Motlasz's Priority Processing department handled plaintiff's file. (See Plaintiff's Opposition to Summary Judgment, p. 4: "Third, the Priority Processing Unit handled the account [sic] because plaintiff's files were intentionally 'locked.'")

With that foundation set, Mr. Motlasz's comments respecting procedures and the history of disputes and the computer problems with the single disclosure request are entirely within his personal knowledge, his review of the Trans Union records and the scope of his employment. Plaintiff has failed outright to support her objection to his competency to testify.

Plaintiff's allegation that Trans Union or Mr. Motlasz somehow violated the FCRA or this Court's filing guidelines are entirely without merit.  Indeed, the CM/ECF Guidelines which plaintiff submits actually confirm that Trans Union's filings were proper.  The CM/ECF Implementation contains the following directive:

> If sensitive information must be included, the following personal data identifiers must be **partially** redacted from the pleading by the filer, whether it is filed in the conventional manner (in paper) or electronically: **Social Security Numbers to the last four digits, financial account numbers to the last four digits, dates of birth to the year, names of minor children to the initials and home addresses to the city and state.** (emphasis in original)

In accordance with that directive, Trans Union obliterated plaintiff's social security number, birthday information and account numbers to the last four digits from the credit reports used in connection with the motion for summary judgment.  As such, Trans Union complied with the spirit of the Guidelines and did not, as plaintiff complains "unnecessarily disclos[e] plaintiff's entire credit file."  Indeed, plaintiff's complaint is unusual in the face of his public filing of a bankruptcy which contains **all** of his personal and financial information, un-redacted and readily available from that Court's docket.  (U.S.Bankr.Ct.D.CT-01-20610)  Further, plaintiff must have anticipated some disclosure of his financial information when he filed this lawsuit about his consumer reports.  Ironically, **plaintiff's** Affidavit in Opposition to Summary Judgment contains 3 pages of Trans Union's History Search Summary, each of which contains plaintiff's un-redacted social security number.

In this connection, plaintiff subpoenaed the records and conducted the deposition of BCI Financial, thereby making his consumer reports (and his wife's report) part of an unsealed deposition which is not subject to any protective order.  There, plaintiff's subpoena expressly sought "credit

3

reports" and the reports were obtained and then marked as deposition exhibits. (See Trans Union's Motion for Summary Judgment, Exhibit "B", p. 4) Accordingly, plaintiff's Motion to Strike lacks merit and is factually erroneous.

Finally, plaintiff complains that Mr. Motlasz was not identified in Trans Union's Initial Disclosures. This is true and a supplemental Initial Disclosure has been served. However, plaintiff was in no way prejudiced by the identification of Mr. Motlasz or the use of his Declaration. Trans Union first identified Eileen Little, Group Manager of Trans Union's Consumer Relations Center, and Mr. Motlasz's supervisor. Plaintiff never sought to depose Ms. Little or any other Trans Union witness. Unfortunately, Ms. Little has been out of work on short term disability for almost three months and was not available to prepare and sign a declaration in support of summary judgment. The fact that Mr. Motlasz, an employee at the same office and a supervisor in the same departments as Ms. Little, was available and signed the declaration in no way prejudiced plaintiff - plaintiff does not and cannot articulate any prejudice. Plaintiff cannot claim that Ms. Little (or any other Trans Union witness) testified in a manner contrary to Mr. Motlasz's Declaration. Plaintiff chose not to depose a Trans Union witness, so he can hardly claim surprise or prejudice in connection with the content of Motlasz's Declaration.

**CONCLUSION**

Trans Union respectfully submits that Plaintiff has failed to support his objections and the motion to strike should be overruled.


Respectfully Submitted,


_____
BRUCE S. LUCKMAN (ct 10830)
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Local Counsel:*
Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com
*Counsel for Defendant,*Trans Union LLC

5